

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE
LAW CLERK
BETHANY COLEMAN-FIRE
LAW CLERK
TONIA McCOMBS
LAW CLERK

April 6, 2018

**NOT FOR PUBLICATION**

Anita G. Manishan
19363 Willamette Dr. #218
West Linn, OR 97068

Stephen P. Arnot
Williams Kastner Greene & Markley
1515 SW 5th Avenue
Suite 600
Portland, OR 97201

> Re: Brenda and Deborah Dixon-Smith v. Pentagon Federal Credit Union, et al.,
> 17-3082-pcm
> Defendants' Bill of Costs

Dear Ms. Manishan and Mr. Arnot:

      This letter contains my ruling on the defendants' Cost Bill in this adversary proceeding. The court granted  summary judgment in favor of defendants, and the clerk entered a judgment on February 14, 2018, dismissing with prejudice plaintiffs' complaint and allowing defendants to submit a bill of costs pursuant to Fed. R. Bankr. P. 7054(b) and Local Rule 9021-1(d). Defendants filed their timely Cost Bill, seeking costs of $709.70 for "fees of the court reporter for any and all part of the transcript necessarily obtained for use in this case" and $79.65 for "fees and disbursements for printing."  Doc. 68.  Plaintiffs timely objected to defendants' cost bill.  Doc. 69. Defendants did not respond to plaintiffs' objections.

      Fed. R. Bankr. P. 7054(b) allows the court discretion to award costs to the prevailing party.  Rule 7054(b) is derived from Fed. R. Civ. P. 54(d).  Young v. Aviva Gelato (In re Aviva Gelato, Inc.), 94 B.R. 622, 624 (9th Cir. B.A.P. 1988).  Allowable costs are those set out in 28 U.S.C. § 1920 and include "fees of the court reporter for all or any part of the stenographic

Ms. Manishan
Mr. Arnot
Page 2
April 6, 2018

transcript necessarily obtained for use in the case" and "fees for exemplification and copies of papers necessarily obtained for use in the case."

> "Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing ... high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance."

Quan v. Computer Sciences Corp., 623 F.3d 870, 888-89 (9th Cir. 2010) (quoting Champion Produce, Inc. v. Rub Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003)) (internal quotation marks omitted) (abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer, 134 S.Ct. 2459 (2014)).

The court declines to grant defendants their full costs for two reasons. First, some of the costs do not fall within the ambit of those costs allowed by 28 U.S.C. § 1920. Second, even if the costs do fit the statutory criteria, applying the Quan factors, proper grounds exist for this court to deny some of defendants' costs.

Although it is a close question, defendants' request for $709.70 for court reporter and transcription services falls outside the category of costs permitted under 28 U.S.C. § 1920 allowing "fees of the court reporter for any and all part of the transcript necessarily obtained for use in this case." (Emphasis added.) "The cost of a deposition not used at trial may still be recovered if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." Pullela v. Intel Corp., 2010 WL 3361089, at *2 (D. Or. Aug. 25, 2010), aff'd, 467 F.App'x. 553 (9th Cir. 2012). No depositions were used in support of defendants' summary judgment motion. See Documents in Support of Concise Statement of Undisputed Facts, Doc. 35 (listing exhibits provided in support of defendants' motion for summary judgment and concise statement of undisputed facts). Defendants relied instead on documents already in the record of this case and defendant Pentagon Credit Union's own electronic collection notes in support of their summary judgment motion. Id. This leaves the court to determine whether the taking of depositions was reasonable as part of the pretrial preparation of the case. The facts in this case were predominantly undisputed. The crux of this dispute was the content of a single phone call between debtors and Pentagon Credit Union. Because the issues of fact in this case were so limited and dispositive motions had been filed but not be resolved at the time the deposition was taken, I find that the cost of a deposition was not reasonably incurred at that phase in the case. Accordingly, this cost will be denied.

Ms. Manishan
Mr. Arnot
Page 2
April 6, 2018

Defendants also request $79.65 for "fees and disbursements for printing." Copying costs for documents produced in discovery and submitted to the court for consideration of motions are recoverable. <u>Redwind v. Western Union</u>, No. 3:14—cv-01699 (Sept. 16, 2016)(citing <u>Teicher v. Regence Health and Life Ins. Co.</u>, 2008 WL 5071679 (D. Or. Nov. 24, 2008) and <u>Arboireau v. Adidas Salomon AG</u>, 2002 WL 31466564 (D. Or. June 14, 2002). Plaintiff argues that the total necessary copies for defendants was substantially fewer than those requested in the cost bill. However, plaintiffs do not discuss whether documents were produced in discovery or whether these costs include documents produced during the course of the case but preceding the summary judgment motion. Because plaintiffs do not address discovery or the litigation prior to the motion for summary judgment in this case, and because defendants' copying costs are modest, the court finds that defendants' copying costs fall within the ambit of 28 U.S.C. § 1920.

Even if all of the expenses were taxable as costs, the court would still decline to award defendants the full amount of the costs requested. Included among the proper grounds for denying costs are "a losing party's limited financial resources," "whether the losing party litigated in good faith," "and whether an award of costs would have a chilling effect on future litigation." <u>Quan</u>, 623 F.3d at 888-89. This litigation arose in the context of plaintiffs' bankruptcy case. There is no question that the plaintiffs in this case have very limited financial resources and an award of the full costs sought by defendants would impose a substantial burden on them. <u>See</u> Declaration of Brenda Dixon-Smith in Support of Objection to Bill of Costs, Doc. 70. Moreover, the court is confident that plaintiffs pursued this litigation in good faith. Further, the plaintiffs' claims were not frivolous, and the granting of summary judgment was a close call, involving a unique legal issue. All of those factors warrant limiting the award of costs to Defendants. However, the court is not persuaded that neither these factors, nor the other factors under <u>Quan</u>, warrant discounting defendants' costs in their entirely.

For the above-stated reasons, defendants' costs will be taxable to the plaintiffs in the amount of $79.65. Defendants should submit a supplemental judgment allowing these costs within 14 days from the date of this letter.

Sincerely,

PETER C. MCKITTRICK
Bankruptcy Judge